BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
MELINDA E. LEMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Movado Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SWISS TIME WATCH & JEWELLERY GMBH, a German corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MVMT WATCHES, INC., a California corporation, MVMT WATCHES LLC, a California limited liability company, MOVADO GROUP, INC., a New York corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-10113<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Movado Group, Inc. ("MGI") hereby removes the above-captioned matter, which was commenced as Case Number 18SMCV00087 in the Superior Court of the State of California for the County of Los Angeles, West District, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this removal, MGI states the following:

1. Plaintiff Swiss Time Watch & Jewellery GmbH ("Swiss Time") initiated this action by filing a Complaint in the Superior Court of the State of California for the County of Los Angeles, West District, on October 23, 2018. Swiss Time asserts claims for (1) breach of contract—specific performance, (2) breach of contract—money damages, (3) fraud, (4) intentional interference with contractual relations, (5) intentional interference with prospective economic advantage, and (6) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200).

2. Swiss Time then served MGI with a summons and copy of the Complaint in this action on November 8, 2018.[1]  This removal petition is therefore timely under 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–55 (deadline for removal under 28 U.S.C. § 1446(b) does not begin to run until formal service is effectuated).

3. Attached as **Exhibit A** to this Notice of Removal are true and correct copies of the process, pleadings, and other papers that have been served on MGI in this action.  *See* 28 U.S.C. § 1446(d).

4. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), as there is

---

[1] Swiss Time purported to effectuate service for MVMT Watches, Inc. and MVMT Watches LLC on November 6, 2018.

complete diversity among the named parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

        A.    <u>Complete Diversity</u>. There is complete diversity among the named parties because Swiss Time is a citizen of Germany and MGI is a citizen of New York and New Jersey.

            i.    Swiss Time is incorporated in Germany and has its principal place of business in Germany. Compl. ¶ 1.

            ii.    MGI is incorporated in the State of New York and has its principal place of business in Paramus, New Jersey. Compl. ¶ 5.

            iii.    The other two named Defendants are MVMT Watches, Inc. and MVMT Watches LLC. As alleged in the Complaint, before Swiss Time ever filed suit, MVMT Watches, Inc. converted into MVMT Watches LLC. Compl. ¶¶ 2–4. MGI acquired the assets of MVMT Watches LLC as of October 1, 2018. Compl. ¶ 6; *see also* Declaration of Mitchell C. Sussis in Support of Removal ("Sussis Decl.") at ¶ 4. MVMT Watches LLC was converted into another entity, which was then merged into MGI. Sussis Decl. at ¶¶ 4–5. Thus, MVMT Watches, Inc. and MVMT Watches LLC no longer exist, and did not exist as of the filing of this action. *See* Cal. Corp. Code § 1107. For the purposes of diversity jurisdiction, both MVMT entities assume the citizenship of the surviving corporation, MGI. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 671–72 (9th Cir. 1986); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1046 n.75 (C.D. Cal. 2012).

            iv.    Because the MVMT entities no longer exist, only MGI must consent to removal, which it does by initiating removal proceedings. To the extent consent is required from non-existent entities, all properly joined and served defendants (the MVMT entities and MGI) consent to the removal of this action.

            v.    "Doe" defendants are disregarded for diversity purposes in the context of removal. 28 U.S.C. § 1441(b); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

      B.    <u>Amount in Controversy</u>. The amount in controversy with respect to Swiss Time's claims exceeds $75,000, exclusive of interests and costs. In measuring the amount in controversy, a court assumes that the allegations in the complaint are true and that the plaintiff will recover on all claims. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010). Swiss Time has alleged damages of at least 142,755.28 € on its breach of contract claim. Compl. ¶ 44. That amount alone exceeds the required threshold. Swiss Time also seeks other compensatory damages, restitution, and punitive damages, all of which augment the amount in controversy. Compl. at Prayer for Relief ¶¶ 2, 4–5.

5.    Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it embraces Los Angeles County, the place where this action was originally pending.

6.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, West District, and will be served on all parties. A Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court will also be filed with this Court.

7.    This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

8.    MGI reserves the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

BASED ON THE FOREGOING, MGI hereby removes this action, now pending in the Superior Court of the State of California for the County of Los Angeles, West District, Case Number 18SMCV00087, to the United States District Court for the Central District of California, Western Division.

1  DATED: December 5, 2018          MUNGER, TOLLES & OLSON LLP
2                                         BRAD D. BRIAN
                                          MELINDA E. LEMOINE
3
4
5                                  By:  /s/ Melinda E. LeMoine
                                        MELINDA E. LEMOINE
6                                       Attorneys for Movado
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28